File Name: 07a0864n.06

Filed: December 19, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-2207

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

MARILYN EGGERS,

    Plaintiff-Appellant,

v.

MARCIA MOORE; VERNA ANIBLE; RAYMOND BIHUN; SHARON HILL; JIM RYAN; PLYMOUTH-CANTON SCHOOL DISTRICT,

    Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

_____ /

Before:    KENNEDY, MARTIN, and CLAY, Circuit Judges.

    BOYCE F. MARTIN, JR., Circuit Judge.  Marilyn Eggers, a grade school teacher, appeals the grant of a summary judgment motion dismissing her breach of contract and due process claims.  Because we find no error in the well-reasoned decision of the district court, we AFFIRM.

I

    Eggers began teaching full-time in the Plymouth-Canton School District in 1986.  She taught second and third grade at Field Elementary school, and achieved tenure in 1988.  Eggers took medical leave during the 1999-2000 and 2000-2001 school years.  She returned in the fall of 2001 and was assigned to a different elementary school, Allen Elementary.  There, Principal Marcia

Moore decided to postpone the standard triennial evaluation of Eggers from the fall of 2001 to the following year. During the fall, a number of parents complained about Eggers, and some children were removed from her classroom. Moore then began an out-of-sequence evaluation, a procedure rarely used and not as clearly defined as a standard review. Eggers and Moore had meetings in February about the evaluation process, Moore observed Eggers in the spring twice, and a further meeting was held in June of 2002. During each meeting a union representative was present.

Apparently in response to another student incident, Eggers was handed a note on the morning of September 5th from Moore that stated: "I am directing you to meet with me in my office immediately after the staff meeting today to discuss the incidents that occurred in your classroom on August 29th and September 3rd. Your classroom will be covered by a substitute during this meeting." A union representative was present at the meeting. The meeting pertained to an alleged threat Eggers made to a student. Given the gravity of the charge, Eggers requested the presence of her attorney before answering questions. Moore refused to postpone the meeting, and demanded that Eggers respond to her questions. Eggers refused, and Moore immediately put her on administrative leave and escorted her from the building. Administrative leave includes full pay and benefits.

Around September 9th, the school again requested a meeting with Eggers, but she refused for medical reasons (she had begun seeking psychological treatment). Because of her inability to attend any meetings due to medical reasons, her leave was changed to medical leave. She has remained on medical leave ever since at the advice of her doctor.

In September of 2004, Eggers filed suit against Moore, the school district, and others alleging (1) a breach of contract arising from the out-of-sequence evaluation, (2) a violation of her rights

under the Due Process Clause of the United States Constitution, and (3) intentional infliction of emotional distress. The district court dismissed all of the claims on summary judgment, and Eggers appealed the breach of contract and due process claims.

II

This Court reviews a district court's grant of summary judgment *de novo*. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).

### A. Motion to Strike the Brief

The parties have filed briefs relating to a request to strike the brief of Eggers for improper references to the record. Because we do not find that these references alter the outcome of this case, we do not need to reach this issue.

### B. Breach of Contract

While an employee may sue an employer for breach of a collective bargaining agreement, she must ordinarily first exhaust any grievance or arbitration remedies provided by that agreement. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163-64 (1983). Eggers never filed a grievance and therefore would generally be precluded by the collective bargaining agreement from suing her employer directly. An exception exists when the union breaches its duty of fair representation. If an employee can show that the union has breached its duty of fair representation in the grievance process, she can proceed with a suit against her employer for breach of the collective bargaining agreement. *Id.* at 165; *Knoke v. E. Jackson Pub. Sch. Dist.*, 506 N.W.2d 878, 880 (Mich. App. 1993). The "duty of fair representation is comprised of three distinct responsibilities: (1) to serve the interests of all members without hostility or discrimination toward any, (2) to exercise its

discretion with complete good faith and honesty, and (3) to avoid arbitrary conduct." *Goolsby v. City of Detroit*, 358 N.W.2d 856, 862 (Mich. 1984) (internal quotations omitted) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). However, "a union has considerable discretion to decide which grievances shall be pressed to arbitration and which shall be settled, and must be permitted to assess each grievance with a view to individual merit." *Knoke*, 506 N.W.2d at 881.

The district court correctly held that since Eggers had not availed herself of any of the union's mechanisms for making a complaint against her employer (in this case by filing a grievance), she could not prove that the union failed in its duty of fair representation, and therefore could not sue her employer in court. The only evidence of a failure of the union to meet its duty is that the union indicated it did not believe her claim had merit. Because this is well within the discretion of the union in this case, she cannot make out a claim of failure of a duty of fair representation, and therefore the district court appropriately granted summary judgment to the defendants.

### C. Due Process

Eggers complains that she did not receive sufficient process prior to her forced administrative leave on September 5th following her refusal to answer questions without a lawyer. The Fourteenth Amendment says that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. Due process is therefore triggered by some deprivation of life, liberty or property. The district court correctly found that Eggers has not suffered any deprivation since she "has not been terminated or been disciplined in any way." Eggers points to her contentious September 5th meeting and subsequent placement on administrative leave as an adverse action triggering due process. However, this Court has held that paid leave is not an adverse

employment action. *Peltier v. United States,* 388 F.3d 984, 988 (6th Cir. 2004). Therefore we find that no process was due prior to placing Eggers on administrative leave.

Eggers also claims to have been constructively discharged. Due process may be triggered by a constructive discharge. *See Parker v. Bd. of Regents of Tulsa Junior College*, 981 F.2d 1159, 1162 (10th Cir. 1992). Eggers therefore claims that by denying her a hearing in the presence of her lawyer prior to her constructive discharge, the school district denied her due process.

Even assuming she was constructively discharged, no process was denied her. Under her own interpretation of constructive discharge, she cannot be said to have been constructively discharged until she was placed on unpaid medical leave. *White v. Honeywell*, *Inc.*, 141 F.3d 1270, 1279 (8th Cir. 1998) (holding that a person "who has suffered a forced unpaid medical leave of absence" may be considered constructively discharged). Ever since the September 5, 2002 meeting, *prior* to being placed on medical leave, the school has been willing to meet with her to discuss the accusations, and has never indicated that Eggers could not bring counsel. The school offered a rescheduled meeting as early as September 9th. Yet, as conceded at oral argument, Eggers has no pending request for such a meeting. In fact, she has stated that since September 5, 2002 she has been medically unable to meet with school officials at all to discuss the accusations. Eggers cannot be heard to complain that she was denied process that she has not asked for and that her own condition precludes. Thus we find that the school has not failed to provide her with process.

III

We find that the well-reasoned decision of the district court was without error, and therefore AFFIRM.